**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAMES W. MOND,

    Petitioner,

v.                                             CASE NO: 8:09-CV-1409-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent(s).
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding pro se, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #11) and Petitioner's reply (Dkt. #16). Upon review, the Court determines that the petition must be denied because under 28 U.S.C. §2254, the standard of review for federal courts of state courts' factual findings is that of clear and convincing evidence, and Petitioner's claims do not have the evidentiary basis to overcome the state court's findings of fact. Consequently, the State's findings are upheld, and Petitioner's motion fails.

## BACKGROUND

Petitioner, James W. Mond (hereinafter referred to as "Mond" or "Petitioner") was charged by a six-count Information with: robbery (Count 1); obstructing or opposing an

officer without violence (Count 2); burglary of an occupied structure (Count 3); battery (Count 4); possession of cocaine (Count 5); and possession of drug paraphernalia (Count 6). Petitioner, represented by Assistant Public Defender Michelle Florio, signed a Uniform Plea and Acknowledgment of Waiver of Rights Form while appearing before the Honorable Rex Barbas, Circuit Judge on March 24, 2004. At his Plea Hearing, Petitioner informed the court, under oath, that he was on the drug Sinequan, but that the drug had no adverse effect on his ability to understand the proceedings, and that he comprehended the rights he was waiving by entering the plea. The court found him competent to do so. The State declared that it was nolle prossing the fifth and sixth counts of the Information, after which it presented a factual basis for Counts 1 through 4, and the court set the matter for sentencing.

Petitioner appeared before the court for sentencing on May 19, 2004, wherein the State asked for a 30 year sentence as an habitual felony offender, with a 15 year mandatory minimum as per the prison releasee reoffender statute. After Petitioner's counsel and witnesses spoke of Petitioner's traumatic life experiences and psychological history, the court sentenced Petitioner to 30 years imprisonment as an habitual felony offender with a 15 year mandatory as a prison releasee reoffender on each of Counts 1 and 3. The court sentenced Petitioner to time-served on Counts 2 and 4.

In February of 2005, Petitioner's appellate attorney filed a Motion To Correct Sentence pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure, arguing that the State's notice of sentencing enhancement was inadequate because it was a broad notice that listed all possible enhanced sentences. Judge Barbas denied the motion on February 23,

2005.

Petitioner filed a direct appeal in which his appellate counsel, Assistant Public Defender Kevin Briggs, raised the issue of whether the trial court was wrong not to conduct a hearing or enter a ruling on Petitioner's pro se Motion for a Hearing under <u>Nelson v. State</u>. <u>Nelson v. State</u>, 274 So.2d 256 (Fla. 4th DCA 1973). The Second District Court of Appeal filed a <u>per curiam</u> unwritten opinion upholding Petitioner's judgment and sentence. <u>Mond v. State</u>, No. 2D04-2883 (Fla. 2d DCA Oct. 7, 2005).

On July 27, 2006, Petitioner filed a motion for postconviction relief in accordance with Rule 3.850 of the Florida Rules of Criminal Procedure, in which he raised four grounds for relief: (1) his plea was involuntary, since both the trial court and his plea form said that the maximum penalty would be 15 years; (2) his Prison Releasee Reoffender and Habitual Felony Offender designations are illegal; (3) his convictions are unlawful because they lack an adjudication of guilt; and (4) his plea was involuntary due to his medication-induced mental state.

On May 21, 2007, the postconviction court issued an order to respond, in part, and order denying, in part, the motion for postconviction relief. The court rejected grounds two and four of the Rule 3.850 motion, but directed the State to respond to grounds one and three. The State agreed that an evidentiary hearing was warranted on the first ground, but argued that ground 3 was baseless on the record, after which the court issued an order granting a hearing on ground one, and reserving ruling on ground three.

Judge Anthony Black held the evidentiary hearing, where Petitioner, and Petitioner's trial counsel, Michelle Florio, testified. Judge Black made a finding of fact that Ms. Florio had alerted Petitioner to the sentencing possibilities. He also found that Petitioner was mentally competent to enter the plea agreement after asking him questions to ascertain his understanding of the proceedings.

On April 25, 2008, the court issued a final order denying grounds one and three of the postconviction motion, which Petitioner appealed. He filed an initial pro se brief, arguing first that he was informed by the court that the maximum penalty was 15 years and signed the plea form with that understanding, and had he known that the maximum was 30 years, he would not have entered into the agreement, thus making the current plea involuntary. Secondly, Petitioner argued that his plea was involuntary because of his mental state and the use of anti-psychotic drugs at the time of his signing. The appellate court filed a per curiam silent affirmance of the trial court's orders denying the motion for postconviction relief, after which it denied Petitioner's motion for rehearing. The mandate was issued on July 31, 2009.

Petitioner timely filed his Petition for writ of habeas corpus in this court on July 21, 2009, raising two grounds for relief: (1) the government failed to adhere to the express terms of the written plea agreement accepted by all parties, resulting in an involuntary plea; (2) the plea agreement was involuntary due to petitioner's mental state by the use of anti-psychotics at the time of the plea. Respondent argues that the claims should be denied for failure to satisfy the prerequisites of 28 U.S.C. §2254(d) and (e).

Title 28 U.S.C. §2254 provides, in pertinent part, that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)
> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>> (A) the claim relies on—
>>> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

## **DISCUSSION**

Petitioner's first ground for habeas corpus relief, the allegedly misrepresented sentencing information, is rejected because he is unable to rebut the state court's contrary factual finding with clear and convincing evidence. Title 28 U.S.C. § 2254(e)(1) provides that federal courts must assume that the state court's factual findings are accurate unless the

petitioner can undermine that presumption with clear and convincing evidence. Ward v. Hall, 592 F.3d 1144 (11th Cir. 2010). Clear and convincing evidence requires proof that a claim is highly probable, which is more than preponderance of the evidence, but less than proof beyond a reasonable doubt. United States v. Owens, 854 F.2d 432, 436 n.8 (11th Cir. 1998).

The state court found that Petitioner's attorney had discussed the possibility of the prison sentence being longer than 15 years with Petitioner, even though both the plea form and the trial court had said 15 years. Nevertheless, there is evidence to support the lower court's finding that Petitioner was made duly aware of the potential maximum prison sentence despite these two oversights. The court found that Petitioner's former counsel went over the agreement with him several times, and while it was thought that the sentence would be no longer than 15 years, he was informed that a 30 year sentence was a distinct possibility. Petitioner bases his argument on the fact that he saw his attorney filling out forms and signing paperwork, where he saw the number fifteen written. He has failed to present clear and convincing evidence that he was wholly unaware of the potential for a longer incarceration. Petitioner's argument is not strong enough to overcome the state court's finding that his attorney had in fact alerted Petitioner to this possibility of a longer sentence several times. Transcript of Evidentiary Hearing at 8, State of Florida v. James William Mond, No. 03-CF-009418 (Fla. Cir. Ct., Jan. 9, 2008).

Petitioner's second ground for the petition, that his plea was involuntary due to his medication-induced mental state, is baseless because it is in clear conflict with the record,

which establishes that the court ascertained his mental competence prior to accepting the plea. The court determined during the plea colloquy that Petitioner was competent to enter the plea agreement. And the court again took evidence on this issue at the post-conviction hearing, and made a finding of fact that, at the time of entering his plea, Petitioner had a rational understanding of the proceedings, as well as the ability to consult with his lawyer with a reasonable amount of comprehension.

An individual is defined as mentally competent based on: (1) "whether" the defendant has "a rational as well as factual understanding of the proceedings against him" and (2) whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960). Petitioner was taking Sinequan, which is a drug used primarily to treat insomnia and depression. He argues that this medication interfered with his ability to clarify his thoughts and fully understand the plea discussion, as well as its consequences. The postconviction court denied this claim because it was clearly undermined by the record, and Petitioner does not seem to argue against the State's Response to this point in his Reply. Once again, whether or not Petitioner was in a state competent enough to understand the implications of his plea agreement and enter into it, is a factual finding by the state court to which this court must defer, unless there is clear and convincing evidence to the contrary.

The state court rightly decided that Petitioner was fit to enter his plea agreement, since he met the two Dusky requirements. Based on the record, Petitioner was aware of his

surroundings and where he was, as well as why he was there. And he was aware of the nature of the plea agreement, as well as what rights he was giving up by entering the plea. Thus, he was competent to enter his plea.

Petitioner has therefore failed to present sufficient evidence to overcome the factual findings of the state court.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4

(1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2009\09-cv-1409.deny 2254.wpd*